```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN
```

UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
     v.                         )    Criminal No. 2014-13
                                )
JEVON STRIDIRON,                )
                                )
          Defendant.            )
                                )

ATTORNEYS:

**Ronald Sharpe, United States Attorney**
**Everard Potter, AUSA**
United States Attorney's Office
St. Thomas, VI
     *For the plaintiff United States of America,*

**Omodare Jupiter, Federal Public Defender**
**Gabriel Villegas, AFPD**
Office of the Federal Public Defender
St. Thomas, VI
     *For defendant Jevon Stridiron.*


                              <u>ORDER</u>
**GÓMEZ, J.**

    For the reasons stated herein, the time to try this case is extended up to and including July 7, 2014.

    Since this case was indicted, the parties have agreed that pretrial diversion is appropriate in this matter. While the Speedy Trial Act requires that a defendant be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice

*United States v. Stridiron*
Criminal No. 2014-13
Order
Page 2

for several reasons. First, an extension is necessary to allow the defendant to complete pretrial diversion. Second, the defendant made this request with the advice and consent of counsel and with the express understanding that his waiver is not predicated upon any promises, agreements, or understandings of any kind between the government and the defense that would preclude the government from proceeding against the defendant during or after the time period covered by his waiver. Third, without an extension of time the Government will not be able to determine the defendant's success in the pretrial diversion program.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an ends of justice continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994)(citing *United States v. Dota*, 33 F.3d 1179(9th Cir. 1994)("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial...even though a case is not complex")); *see also United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982), *cert. denied*, 460 U.S. 1071 (1983) (no abuse of discretion where district court found that multiple count, multiple defendant "case was complex and required additional

*United States v. Stridiron*
Criminal No. 2014-13
Order
Page 3

time for adequate preparation."); *United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("district court did not abuse its discretion [by delaying trial] to give counsel ... opportunity to...decid[e] upon and prepar[e] an appropriate defense.")

Accordingly, the time beginning from the date of this order granting an extension through July 7, 2014, shall be excluded in computing the time within which a trial must be initiated pursuant to 18 U.S.C. § 3161.

                                                S\_____
                                                  **Curtis V. Gómez**
                                                  **District Judge**