DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal No. 2014-13 |
| | ) |
| JEVON STRIDIRON, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ATTORNEYS:**

**Ronald Sharpe, United States Attorney**
**Everard Potter, AUSA**
United States Attorney's Office
St. Thomas, VI
   *For the plaintiff United States of America,*

**Omodare Jupiter, Federal Public Defender**
**Gabriel Villegas, AFPD**
Office of the Federal Public Defender
St. Thomas, VI
   *For defendant Jevon Stridiron.*

<u>ORDER</u>

**GÓMEZ, J.**

   Since this case was indicted, the parties have agreed that pretrial diversion is appropriate in this matter. While the Speedy Trial Act requires that a defendant be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice for two reasons. First, an extension is necessary to allow the defendant to complete pretrial diversion. Second, without an

*United States v. Stridiron*
Criminal No. 2014-13
Order
Page 2

extension of time the Government will not be able to determine the defendant's success in the pretrial diversion program.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an ends of justice continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994)(citing *United States v. Dota*, 33 F.3d 1179(9th Cir. 1994)("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial...even though a case is not complex")); *see also United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982), *cert. denied*, 460 U.S. 1071 (1983) (no abuse of discretion where district court found that  multiple count, multiple defendant "case was complex and required additional time for adequate preparation."); *United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("district court did not abuse its discretion [by delaying trial] to give counsel ... opportunity to...decid[e] upon and prepar[e] an appropriate defense.").

The premises considered, it is hereby

**ORDERED** that the trial in this matter, previously scheduled for July 7, 2014, is hereby **CONTINUED** and shall begin promptly at 9:00 AM on November 23, 2015; it is further

*United States v. Stridiron*
Criminal No. 2014-13
Order
Page 3

  **ORDERED** that the United States shall file a status report on Stridiron's satisfactory compliance with the diversion program on the fourth Friday of each month; and it is further

  **ORDERED** that the time beginning from the date of this order through the date of the defendant's completion of or removal from the diversion program shall be excluded in computing the time within which a trial must be initiated pursuant to 18 U.S.C. § 3161.

           S\_____
            **Curtis V. Gómez**
            **District Judge**